[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion in Arrest of Judgment forExtrinsic Causes
The facts that precipitated this motion are somewhat unusual. After the trial the court went into the jury room to thank the jurors for their services. The Court indicated words to the effect that it did not wish to have any discussion concerning the verdict or how they arrived at it. There were some remarks made and a question asked concerning the jurors speaking with others about their verdict with a response on that subject by the Court. As the Court was about to leave the jury deliberation room, the foreperson said he did not have respect for the American judicial system and had dinner with a Russian visiting him the evening before where there was some discussion concerning this or at least the Russian judicial system. The foreperson said, upon inquiry, that he did not discuss the case with his visitor. The Court immediately entered the court and on the record told both counsel what had transpired. No request at that time was made to poll the jurors or question the foreperson or any other members CT Page 5345 of the jury.
This motion was then filed in arrest of judgment for extrinsic causes. In the motion, the plaintiff argued that based on what the Court indicated had transpired, the motion should be granted or "In the alternative, the jurors should be subpoenaed and queried about (the foreperson's) remarks." The matter was continued for a hearing on this motion. The defendants then filed a motion for a protective order some two weeks after this verdict was received and this incident occurred. In the motion the defendants requested that the court order that neither party be permitted to speak with any of the jurors prior to any hearing on the motion in arrest of judgment. On a Friday, the Court denied the motion for protective order, did not prohibit parties from talking to jurors but did indicate it would be best if any such interviews took place between the lawyer and investigator and a juror. The Court also gave plaintiff's counsel a continuance of the hearing date from a Monday to a Wednesday, if memory serves me correctly, so he could prepare for a hearing on the motion in arrest for judgment.
At the hearing, on the motion in arrest for judgment, the plaintiff argued that the motion should be granted based solely on what the Court had reported, offered no further evidence as a result of juror interviews and relied on the motion filed some two or three weeks earlier.
The plaintiff in her motion relied on Williams v. Salamone,192 Conn. 116 (1984). That case held that where there is juror misconduct a chance of prejudice exists but to grant relief there must be a showing of prejudice. The Court said: "The burden is on the moving party in a civil proceeding to establish that juror misconduct denied him a fair trial," id., p. 118.
The Court cannot conclude on the basis of the information it learned and revealed to counsel that juror misconduct occurred, let alone that the plaintiff suffered prejudice thereby. The Court cannot find that the "probable prejudice" threshold standard has been met, Speed v. Libero, 215 Conn. 308, 314
(1990). It should also be noted that in Speed, the alleged juror misconduct occurred while the trial was in progress: here the jury had been released.
Under the circumstances presented here, where the statements from the foreperson did not indicate he, despite his feelings, CT Page 5346 could not follow the law or weigh the evidence or that he talked about the case to a non juror member, the court concluded that it should not conduct a fact finding foray on its own. Such an inquiry would necessarily have to go into the thought processes of the jury and even if it were brought out that the foreperson's views about our system were conveyed to other jury members, based on this unfortunate but generic criticism uttered, the Court can not conclude probable prejudice was caused to the plaintiff by such remarks.
Corradino, J.